# CHARLESTON.

FIRST NATIONAL BANK OF PHILIPPI *v.* KITTLE *et al.*

Submitted June 9, 1910.   Decided April 18, '1911.

PRINCIPAL AND SURETY—*Discharge of Sureties—Negligence of Creditor.*

A creditor is bound to use proper care and diligence in the management, and collection of collateral securities; and a surety will be released, to the extent of the loss actually sustained by the negligence of the creditor, to the same extent, as if such loss was due to some positive act of the creditor.  (p. 174).

Error to Circuit Court, Barbour County.

Action by the First National Bank of Philippi against Mary D. Kittle and others.  Judgment for defendants, and plaintiff brings error.

*Affirmed.*

*Fred O. Blue* and *Arthur S. Dayton,* for plaintiff in error.

*William T. George* and *John B. Dilworth,* for defendants in error.

MILLER, JUDGE:

In an action by plaintiff, before a justice, against V. W. and Mary D. Kittle and C. W. Brandon, defendants, on a note for two hundred dollars, plaintiff recovered a judgment against

69 W. Va.

all defendants for the full amount of the note, interest and costs.

Defendants, Mary D. Kittle, wife of V. W. Kittle, and C. W. Brandon, though joint makers, were in fact sureties for V. W. Kittle, and they alone appealed, the judgment of the justice against V. W. Kittle, principal, remaining in full force, and unappealed from.

On the trial of the appeal in the circuit court, the court on defendants' motion, struck out plaintiff's evidence, and directed a verdict in their favor, and from the judgment below, of *nil capiat,* and for costs, the plaintiff obtained this writ of error.

The defense of the sureties before the justice, and in the circuit court on appeal, was, that the bank, at the time of note sued on, had required of V. W. Kittle, principal, additional security, and who then, September 20, 1905, assigned to the bank, to use the language of the assignment, "two hundred dollars of the amount due me by the county court of Barbour County for work done under contract with said court for court square paving, as collateral security for the payment of said note"; and that by the negligence of the bank in failing to give notice of said assignment, and to take such steps as was necessary to preserve its own rights and the rights of defendants as sureties, the same had been lost, or surrendered, and the sureties thereby discharged.

For the bank it was replied, that Mary D. Kittle was estopped from denying her liability, on the grounds, first, that after the trial and judgment by the justice, she had, on Oectober 1, 1906, joined with her husband, V. W. Kittle, in a deed to one Golden for a house and lot belonging to her, by which deed the grantee, in part consideration, had covenanted to pay said judgment, then a lien on said lot; second, that subsequently, in a chancery suit of George against her, said debt had been reported, and decreed as a debt and a lien on said house and lot; third, that subsequently in a suit by Howell against said Golden's administrator, and others, said judgment was reported and decreed as a personal debt against said Golden, and decreed to be paid out of his estate; and that if said debt or any part of it, should be paid out of that estate, Mary D. Kittle would be relieved *pro tanto* therefrom.

And as applicable to both defendants, it was said, that the bank was not bound to the utmost, or even active diligence, while the sureties remained passive; and that in as much as said assignment was only collateral, and that on October 13, 1905, before said note fell due, orders were issued and paid as follows: one to V. W. Kittle, for $247.50; another for $76.84; and another to V. W. Kittle, for the use of said Charles W. Brandon, for $336.76; and that on April 10, 1906, three days after Kittle's assignment, to the bank had been filed in the clerk's office of said court, said court, disregarding said assignment, had paid directly to V. W. Kittle, $112.50, for extra work on said court square, the defendants have not been prejudiced by any neglect or want of diligence on the part of plaintiff.

The fact of said collateral assignment is not denied, but fully established by the proof; and it is scarcely denied that the bank was negligent, grossly negligent, in failing to present said assignment, or give notice to the county court thereof, and demand payment. If it had done so, there is no reason to believe, and it is not shown, or pretended, that the county court would not willingly and without objection, have paid the bank the money which it did pay directly to Kittle. It is contended, however, that the county court was not bound to accept and pay a partial assignment of the amount due Kittle; but in equity, if not at law, it was. At all events, it is not shown that the county court declined to honor said assignment. The assignment was never presented, and the court given an opportunity to honor and pay, until it had actually paid out the money actually assigned to Kittle and others. We must say, therefore, on the evidence, that the bank lost this security, by its negligence.

We see nothing in the suggestion of counsel, in argument, based on *Railway Co.* v. *Coal Co.,* 44 W. Va. 574, that the justice had no jurisdiction to try the rights of defendants as sureties, because equitable in nature. The fact that it might have been necessary for the bank or the sureties finally to enforce its or their rights by a suit in equity, furnishes no excuse for the negligence of the bank. That loss by its negligence constituted a legal defense to the action against the sureties.

But was the bank bound to active diligence? The authorities

cited and relied on by plaintiff's counsel, hold, that a creditor is not bound to active diligence in pursuing his principal debtor, unless required by the sureties to do so. But this proposition, and the authority cited for it, we think, inapplicable to the duty of a creditor, respecting collateral securities in his hands. With respect to such securities the authorities all hold the creditor bound to use proper care and diligence in the management and collection of such collateral, and that a surety is released, to the extent of the loss, actually sustained, by the negligence of the creditor, to the same extent as if lost by the positive act of the creditor. This proposition we think fully sustained by the following: 1 Brandt on Suretyship, (3 Ed.) sections 480, 481, 482, and 498; *Clow* v. *Derby Coal Co.,* 98 Pa. St. 432; *Phares* v. *Barbour,* 49 Ill. 370; *Hall* v. *Hoxsey,* 84 Ill. 616; *Bank* v. *Parsons,* 42 W. Va. 137; 32 Cyc. 216, and many cases cited in notes; *Davenport* v. *Banking Co.,* 115 Am. St. Rep. 100, note page 100.

If the bank had given due notice to the county court, or filed said assignment in time to preserve its and the sureties rights thereunder, the bank might not have been bound, in order to preserve its rights against defendants, to have pursued the county court by suit. It was, however, in the interest of the sureties, bound to preserve those rights by diligence. It is shown in this case to have neglected that duty.

It is very clear therefore, unless Mrs. Kittle is estopped by her acts, as claimed, from denying her liability; or she and her co-defendant Brandon have not been prejudiced by the negligence of the plaintiff in the premises, that they have both presented complete defenses to the action.

We do not find any element of estoppel in the fact that in the deed to Golden, Golden covenanted to pay the bank, the judgment recovered before the justice, then pending in the circuit court on appeal, by Mrs. Kittle and Brandon; nor in the fact that in the subsequent decrees in the two chancery cases referred to, that judgment was allowed and decreed. Those decrees were involuntary on her part. The plaintiff was in no way prejudiced by anything done or omitted by Mrs. Kittle. When she sold her property to Golden the lien of the judgment existed. Some provision had to be made to protect the purchaser. The parties chose to make such provision in the deed.

The bank was no party to that agreement, did not rely thereon to its prejudice. For this reason plaintiff is not in a position to plead estoppel.

For a like reason it may be said with respect to the decrees in the chancery suits. The judgment of the bank had been recovered. It was a lien as it stood, though appealed from, certainly as to V. W. Kittle. Evidently nothing was ever realized by the bank in those suits, and we do not see anything in the record thereof, so far as presented, estopping Mrs. Kittle in this action.

But were defendants prejudiced by the. negligence of the plaintiff? They were not, if as intimated in the record and in argument, either got the money, or the benefit thereof, paid out on orders of the county court to Kittle, subsequent to said assignment. That Mrs. Kittle is the wife of V. W. Kittle, without more, is not sufficient to show that she was benefited in such a way as to excuse the bank from loss due to its negligence. It is not proven, or attempted to be, that Brandon did not have a *bona fide* debt against Kittle for the amount of the order of the county court to his use; or that he was in any way benefited by the orders issued in favor of Kittle individually; or that either Mrs. Kittle or Brandon knew, as a fact, that the bank had not presented its assignment to the county court, and protected its own rights as creditor, and their rights as sureties.

For these considerations, we conclude that the judgment below was right, and should be affirmed.

*Affirmed.*